UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH L. DAVIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FEDERATED RETAIL HOLDINGS, INC., )<br>)<br>Defendant. ) | No. 4:04CV1519-DJS |

## MEMORANDUM AND ORDER

Now before the Court is plaintiff's motion for reconsideration of the Court's order and partial judgment of November 18, 2005, to the extent that they granted defendant summary judgment on plaintiff's claim that defendant violated the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2611 *et seq.*, by transferring plaintiff to a new position in 2002.

Upon careful consideration of the parties' memoranda on the motion to reconsider, the Court agrees that an employee's leave does not have to be unpaid in order to be protected by the FMLA, and that it would be incorrect to suggest that paid leave which qualifies under the FMLA is not protected against retaliation. To the extent the Court's prior order so suggested, it is in error. The question remains whether the record supports a conclusion that the leave plaintiff took in 2001 and in 2002 before the job transfer was actually FMLA-protected. The summary judgment record

did not contain May Company leave records demonstrating the dates or purposes of any of that leave so as to establish the qualifying FMLA purposes of the leave. Defendant asserted in support of the summary judgment motion that its records did not reflect that plaintiff took any FMLA leave in 2001.

The Court now reconsiders the probative value of plaintiff's answer to Interrogatory No. 7 listing numerous days of absence in the relevant time period, which the Court previously rejected on the ground that it did not distinguish between "FMLA as opposed to paid vacation or personal leave." Order of November 18, 2005 [Doc. #28], p.3, n.1. Now recognizing that paid absences covered by an employer's leave policies may nonetheless qualify for FMLA protection, the Court reconsiders that the presumably sworn interrogatory answer constitutes the functional equivalent of an affidavit asserting that each of the listed dates of absence were for purposes covered and protected by the FMLA. On this revised view, the Court is persuaded that there exists a genuine dispute of fact concerning whether plaintiff availed herself of FMLA leave prior to the 2002 job transfer. The Court is also persuaded that defendant does not establish without dispute that as plaintiff's supervisor, Mr. Gehbauer was unaware of the protected nature of such absences.

Nonetheless, although these conclusions suggest a basis for reconsidering the Court's entry of summary judgment as to plaintiff's claim for relief based on the 2002 job transfer, there

exist two other considerations which may yet support the partial judgment in defendant's favor. First, in the September 18 summary judgment analysis, the Court assumed without deciding that the lateral transfer to the position of Manager of Financial Reporting could constitute an adverse employment action, even though the negative consequences asserted by plaintiff -- increased vulnerability to future lay-off -- were only potential and contingent. Order of November 18 [Doc. #28], p.2. In two 2005 opinions, the Eighth Circuit suggests that employment actions which have only potential negative effects in the future do not themselves constitute actionable adverse employment actions. Turner v. Gonzales, 421 F.3d 688, 696 (8th Cir. 2005); Baucom v. Holiday Companies, 428 F.3d 764, 768 (8th Cir. 2005).

Second, plaintiff's pecuniary harm supporting her claim for damages flows solely from her termination in 2004, and there does not appear to exist any separate basis for an award of damages premised on the 2002 job transfer. This is particularly so given the Court's determination, in connection with the summary judgment motion, that emotional distress damages are unavailable under the FMLA, which conclusion plaintiff does not challenge in her motion for reconsideration. Before determining whether or not to vacate the partial judgment disposing of the claim based on the 2002 transfer, the Court will order the parties to brief the issues identified by the Court.

Accordingly,

**IT IS HEREBY ORDERED** that both parties shall file, no later than **January 6, 2006**, a memorandum addressing the issues identified by the Court herein pertaining to the viability of plaintiff's claim for relief based on her 2002 transfer. Each party may file, no later than **January 13, 2006**, a memorandum in response to the opposing party's memorandum.

**IT IS FURTHER ORDERED** that the trial of this matter is continued from February 6, 2006 to the two-week docket commencing **March 20, 2006**.

Dated this   22nd    day of December, 2005.

                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE