UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH L. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:04CV1519-DJS |
| | ) |
| FEDERATED RETAIL HOLDINGS, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Now before the Court is plaintiff's motion for reconsideration of the Court's order and partial judgment of November 18, 2005, to the extent that they granted defendant summary judgment on plaintiff's claim that defendant violated the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2611 *et seq.*, by transferring plaintiff to a new position in 2002. By order dated December 22, 2005, the Court directed the parties to brief specified issues pertinent to the Court's reconsideration of the partial judgment disposing of plaintiff's claim based on the 2002 transfer. Upon further careful consideration of the matter, the Court will not reverse its prior partial judgment, for the following reasons.

First, the Court concludes as a matter of law that plaintiff's 2002 transfer to the position of Manager of Financial Reporting does not constitute an adverse employment action and so

cannot support a separate claim for relief apart from plaintiff's ultimate claim that her 2004 termination from that position violated the FMLA. Plaintiff's first amended complaint identifies a single respect in which the 2002 transfer is alleged to have been negative, namely that it increased plaintiff's vulnerability to future lay-off in the event of a reduction in force. First Amended Complaint [Doc. #18], ¶¶13 & 15.[1] Employment actions which have only potential negative effects in the future do not themselves constitute actionable adverse employment actions. Turner v. Gonzales, 421 F.3d 688, 696 (8th Cir. 2005); Baucom v. Holiday Companies, 428 F.3d 764, 768 (8th Cir. 2005).

Second, in addition or in the alternative, plaintiff's pecuniary harm supporting her claim for damages flows solely from her termination in 2004, and there does not appear to exist any separate basis for an award of damages premised on the 2002 job transfer. This is particularly so given the Court's determination, in connection with the summary judgment motion, that emotional distress damages are unavailable under the FMLA, which conclusion plaintiff does not challenge. The Eighth Circuit has held that summary judgment was properly entered against an FMLA plaintiff where he was unable to show a basis for an award of available relief for the alleged violation. McBurney v. Stew Hansen's Dodge City, Inc., 398 F.3d 998, 1002 (8th Cir. 2005). In so holding, the

---

[1] By contrast, in her supplemental briefing, plaintiff argues that the transfer was materially adverse to her because it involved a significant change in working conditions and a downward shift in the skill level required.

Eighth Circuit cited with approval a Virginia district court decision in which an FMLA plaintiff faced summary judgment for her failure to show that she suffered any compensable injury: "once it becomes clear that a plaintiff can recover nothing but a symbolic victory in that the defendant violated a statute, the lawsuit should be terminated."  Dawson v. Leewood Nursing Home, Inc., 14 F.Supp.2d 828, 832 (E.D.Va. 1998).

Evidence of plaintiff's FMLA history in this workplace, her supervisor's reaction to that FMLA history, and the 2002 transfer may all be admissible at trial as background to the 2004 termination decision, but the 2002 transfer is not itself shown to be an actionable adverse action causing any distinct compensable injury to plaintiff.  Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the Court's order and partial judgment of November 18, 2005 [Doc. # 30] is denied.

Dated this ____18th____ day of January, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE